IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THIRD PENTACLE, LLC,<br>c/o Thomas Leach, Manager, | : | |
| | : | |
| Plaintiff, | | Case No. 3:10cv00238 |
| | : | |
| vs. | | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| INTERACTIVE LIFE FORMS, LLC,<br>c/o Steve A. Shubin Sr., *et al*., | : | |
| | | |
| Defendants. | : | |

# DECISION AND ENTRY

## I.

Plaintiff Third Pentacle, LLC initially brought this case against Defendants Sarah Pate, Steve Shubin (individually), and Interactive Life Forms, LLC. Third Pentacle's claims included, in part, trademark infringement, breach of contract, and unjust enrichment.

Within ten days of the date Third Pentacle filed its Complaint, nearly all parties – Third Pentacle, Interactive Life Forms, and Shubin (but not Pate) – reached a settlement agreement (the Settlement Agreement). Third Pentacle and Pate are the only remaining parties.

Pate's responses to Third Pentacle's Complaint raise several (amended) counterclaims against Third Pentacle, including (in part) trademark infringement, breach

of contract, and unjust enrichment. In their respective pleadings, Third Pentacle and Pate seek declaratory judgment establishing who owns Third Pentacle and who owns the trademark "Raven Riley."

The case is before the Court upon Pate's Motion to Compel Discovery Concerning Settlement Agreement Between Plaintiff, Interactive Life Forms, LLC, and Steven Shubin (Doc. #50), Third Pentacle's Memorandum Contra (Doc. #53), Pate's Reply (Doc. #55), and the record as a whole.

## II.

Beginning in 2005, Pate and Thomas Leach (and others) each held an ownership interest in Third Pentacle. Although the business was financially successful, Pate and Leach encountered problems that led her to file a lawsuit in state court against Leach and others. By April 2009, Pate and Leach had resolved their differences, and they ended the state lawsuit with a settlement agreement and by adopting an amended operating agreement related to Third Pentacle. Under their state-court settlement agreement, Pate and Leach would each receive $10,000 from Third Pentacle in the future. They further agreed that those payments would occur when Third Pentacle received past-due royalties, at least $20,000, that Interactive Life Forms owed Third Pentacle.[1]

---

[1] On this point, the state settlement agreement provides:

> 13) . . . once the Company receives all money past due from [Interactive Life Forms] (ILF), that such monies shall be placed in the (Third Pentacle) bank account and (Sarah Pate) and (Thomas Leach) shall thereafter receive a distribution of Ten Thousand and 00/100 Dollars ($10,000.00) each within three business days, on the condition that at

2

As the ensuing months ticked by Third Pentacle allegedly did not receive royalty payments from Interactive Life Forms. Coincidentally – or not – Shubin provided Pate with money upon occasion; the amounts varied and added up to approximately $10,000. Pate maintains that the money was a gift. Leach grew suspicious when he learned about Pate's receipt and retention of $10,000 directly from Shubin. This, and other events, led Leach to conclude, in part, that Pate had nefariously retained royalty payments that Interactive Life Forms owed Third Pentacle under a contract titled "Fleshlight Girls Contract."

## III.

Pate acknowledges in the present case that she received a total of approximately $10,000 from Shubin. *See* Doc. #55 at Page ID# 981. In response to Third Pentacle's claims, she counters that the money was a gift, not royalties owed to Third Pentacle. She further asserts that Third Pentacle received a substantially larger amount from Shubin or Interactive Life Forms as part of the Settlement Agreement they reached in the instant case. If so, she reasons, Third Pentacle suffered no monetary harm by her retention of Shubin's gift.

Through her Motion to Compel, Defendant Pate seeks to learn more about matters related to the Settlement Agreement, particularly the "amount of money Third Pentacle

---

        least Twenty Thousand and 00/100 Dollars ($20,000.00) is received from
        (ILF).

*See* Doc. #50 at 922.

claimed it was owed, the amount of money it actually received, and the reasons the parties may have agreed to some amount less than the total amount due . . . ." (Doc. #50 at PageID #923). Pate contends that the information she seeks "goes to numerous issues pending in this case including but not limited to the following: (1) that portion of the Settlement Agreement concerning the division of $20,000 worth of money due from ILF [Interactive Life Forms]; and (2) Plaintiff's claim for breach of fiduciary duty; and (3) Sarah Pate's claim for monetary damages." *Id*. at Page ID# 922.

Third Pentacle argues that Pate is not entitled to information about the Settlement Agreement due to its confidentiality provision.

## IV.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matters involved in the action. Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. . . ." Fed. R. Civ. P. 26(b)(1). Courts must limit discovery when it is unreasonably cumulative or duplicative, when the party has already had a sufficient opportunity to obtain the sought-after information, or when the burden or expense of providing the sought-after information outweighs its likely benefits. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); *see Ewert v. Holzer Clinic, Inc.*, 2009 WL 4547567 at *2 (S.D.Ohio 2009)(King, M.J.).

In the present case, the information Pate seeks to discover includes the amount

4

Third Pentacle actually received from Interactive Life Forms and Shubin under the Settlement Agreement. This information is relevant under Rule 26(b)(1) and Pate's request for it is reasonably calculated to lead to the discovery of admissible evidence. If Third Pentacle received a substantial settlement amount – over $20,000 (as much as $100,000 to $200,000, as Pate "has reason to believe" (Doc. #50 at PageID #923)) – then Pate may be able to show that Third Pentacle suffered no financial harm due to her acceptance and retention of approximately $10,000 directly from Shubin. Without financial harm caused by Pate, Third Pentacle's breach of contract claim would fail for lack of an essential element. Moreover, if Third Pentacle received more than $20,000 in past-due royalties from Interactive Life Forms and if the money Pate received directly from Shubin was an actual gift, as Pate asserts, then Third Pentacle might still owe Pate $10,000 under the terms of the Pate/Leach state-court settlement agreement.

Additionally, Pate's discovery request for the amount Third Pentacle received under the Settlement Agreement seeks information that is relevant, under Rule 26(b)(1), to her claim that Third Pentacle has breached the terms of its Amended Operating Agreement. She asserts that Third Pentacle owes her money under the Amended Operating Agreement in light of past-due royalties (i.e., those owed by Interactive Life Forms) that were earned when she was still a part owner of Third Pentacle. Pate reasons that those earnings were past due until Third Pentacle received payment from Interactive Life Forms under the terms of the Settlement Agreement. This is a reasonable assertion given that the Settlement Agreement led to the dismissal of Third Pentacle's claims

against Interactive Life Forms. Third Pentacle claimed, for example, that Interactive Life Forms breached the Fleshlight Girls Contract by not paying royalties it owed Third Pentacle. The upshot is that if Third Pentacle has received royalties that it earned during the time when Pate was a co-owner, she would have a factual basis for asserting that Third Pentacle still owes her money under the Amended Operating Agreement.

Third Pentacle contends that a confidentiality provision in the Settlement Agreement bars it from disclosing, and Pate from discovering, the information she seeks. A confidentiality privilege generally applies to the substance of communications made during negotiations that result in a confidential settlement agreement. *See Goodyear Tire & Rubber Company v. Chiles Power Supply, Inc*., 332 F.3d 976, 980-81 (6th Cir. 2003). But, the privilege does not apply here as to the amount Third Pentacle received under the Settlement Agreement. The amount discloses nothing specific about what was said during the settlement negotiations between Third Pentacle (essentially, Leach), Interactive Life Forms, or Shubin. *See id*. at 981 ("Thus, as with other privileges, the relationship itself is not privileged, but only the underlying communications."). Yet the confidentiality privilege does apply to Pate's requests for substantive information, such as the amount Third Pentacle claimed it was owed during settlement negotiations and the reasons the parties agreed to some amount less than the total amount due.

Third Pentacle further argues that Pate's claim for damages is unrelated to any royalty payments or to the amount Third Pentacle received in the Settlement Agreement. This contention lacks merit. For the reasons discussed previously, the total amount of the

Settlement Agreement is related – indeed, relevant under Rule 26(b)(1) – to Pate's claims (breach of contract and unjust enrichment).

Third Pentacle also maintains that Pate's discovery requests fail because she breached the Pate/Leach state-court settlement agreement, because she holds no ownership interest in Third Pentacle, and because she breached her of fiduciary duties to Third Pentacle. These arguments encompass much that remains at issue in the case. For example, Pate claims that Third Pentacle owes her money from royalties it earned when she was a co-owner; Third Pentacle disagrees. Third Pentacle claims that Leach is the sole owner of Third Pentacle; Pate disagrees. The parties' disagreements on these and other issues are presently under review in connection with the pending motions for summary judgment. Although Third Pentacle presently holds a strong belief in the merits of its litigation positions, its strong belief – whether ultimately justified or not – provides no basis for avoiding its discovery obligations created by the Federal Rules of Civil Procedure.

Accordingly, Pate's Motion to Compel is well taken, in part, as to her request for Third Pentacle to disclose the actual amount it received under the terms of the Settlement Agreement. Pate's Motion to Compel otherwise seeks information shielded by the confidentiality privilege.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Pate's Motion to Compel (Doc. #50) is GRANTED, in part. **On or before January 12, 2012**, Third Pentacle shall disclose the amount of

money it received under the terms of the Settlement Agreement reached by Third Pentacle, Interactive Life Forms, and Shubin.  Third Pentacle shall disclose the required information to Pate's counsel of record in writing, verified by sworn statement, and for counsel's eyes only.  The settlement amount shall otherwise remain confidential, absent further Order of the Court; and

2. Defendant Pate's Motion to Compel (Doc. #50) is DENIED in remaining part.

January 5, 2012

              <u>s/ Sharon L. Ovington</u>
               Sharon L. Ovington
             United States Magistrate Judge